IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Emmett Ray Nall, ) | |
| ) | Civil Action No. 6:07-1483-JFA-WMC |
| Petitioner, ) | |
| ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Warden Bazzle, ) | |
| Perry Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| ) | |

The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

## BACKGROUND OF THE CASE

The record reveals that the petitioner is currently incarcerated in Perry Correctional Institution of the South Carolina Department of Corrections pursuant to orders of commitment from the Clerk of Court of Greenville County. The petitioner was indicted in June 1997 for burglary, second degree, and grand larceny. Attorney Hal Roach represented the petitioner on the charges. A jury trial was held September 16, 1997, before the Honorable Larry R. Patterson. The jury convicted the petitioner of petit larceny and burglary. The State sought a sentence of life without parole pursuant to state recidivist legislation. The judge sentenced the petitioner to life without parole on the burglary

conviction, and 90 days for petit larceny. The petitioner filed a timely notice of intent to appeal.

Wanda H. Haile, Senior Assistant Appellate Defender of the South Carolina Office of Appellate Defense, represented the petitioner on appeal. On July 28, 1998, appellate counsel filed a Final *Anders* Brief of Appellant and Petition To Be Relieved As Counsel in the South Carolina Court of Appeals, and raised the following issue:

> The lower court erred in denying appellant the right to counsel of his choice in the case.

The petitioner did not file a *pro se* response. On February 2, 1999, the South Carolina Court of Appeals dismissed the appeal, and granted counsel's petition to be relieved. The petitioner did not seek certiorari review from the Supreme Court of South Carolina. The South Carolina Court of Appeals issued the remittitur on February 22, 1999.

On October 14, 1999, the petitioner filed an application for post-conviction relief ("PCR"), in which he claimed ineffective assistance of counsel. The petitioner supplemented his petition on or about November 16, 2001. The State made its return on May 22, 2002. Attorney Larry W. Crane represented the petitioner in the action. PCR counsel defined the issues to be raised in the PCR action at the beginning of the PCR hearing, paraphrased by respondent, as follows:

> (a)  Ineffective Assistance of Appellate Counsel regarding sentencing issues;
>
> (b)  Ineffective Assistance of Trial Counsel in that counsel failed to meet with Petitioner before trial; and
>
> (c)  Ineffective Assistance of Appellate Counsel challenging sufficiency of notice of intent to seek life without parole.

An evidentiary hearing on the allegations was held November 1, 2002, before the Honorable John C. Few. At the conclusion of the hearing, the PCR judge denied relief on the ineffective assistance of counsel claim based on insufficient pre-trial contact. The PCR

judge left the record open for the petitioner to submit evidence his two prior offenses did not qualify as "strikes" under the recidivist statute. On February 10, 2005, the PCR judge issued an order granting PCR relief in the form of a new sentencing proceeding. The State appealed the grant of relief.

The State filed a petition for writ of certiorari in the Supreme Court of South Carolina on July 12, 2005. Mr. Crane was appointed to continued representation of the petitioner on appeal. Mr. Crane filed a motion for substitution of counsel on December 12, 2005, but the motion was denied on January 9, 2006. Attorney J. Falkner Wilkes joined Mr. Crane in the appellate representation. Counsel filed a return to the State's petition on March 10, 2006. The Supreme Court of South Carolina issued a memorandum opinion on April 23, 2007, granting the State's petition, dispensing with further briefing, and reversing the PCR judge's grant of relief. *Nall v. State*, Memorandum Opinion No. 2007-MO-025 (S.C.Sup.Ct. filed April 23, 2007). The Supreme Court of South Carolina issued the remittitur on May 9, 2007.

On May 20, 2004, prior to the entry of the order in the first PCR action, the petitioner filed a second PCR action, and raised the following issue (verbatim):

> Sentence under 17-25-45 First two burglary's should not have been counted as two strikes.

He also appeared to complain that counsel had failed to appeal the prior PCR action, and that *State v. Gordon*, a case issued after the hearing in the first PCR hearing, was dispositive of the sentencing issue and should be considered.

On September 22, 2004, the State made its return and moved to dismiss the application as successive and untimely. On September 28, 2004, the Honorable Larry R. Patterson, Chief Administrative Judge, Thirteenth Judicial Circuit, issued a conditional order of dismissal. On or about October 25, 2004, the petitioner served a "Petition for Rehearing" in response. On January 20, 2005, the Honorable John C. Few issued an order of

dismissal in the matter, "[f]or the reasons stated in [the] conditional order, and because now relief had been granted to Mr. Nall on his other postconviction relief case...." The petitioner had also sought to appeal the September 2004 conditional order of dismissal. On January 13, 2005, the Supreme Court of South Carolina dismissed the notice of appeal without prejudice as the conditional order was not a final order subject to appellate review. The court issued the remittitur on January 31, 2005.

In his *pro se* petition now before this court, the petitioner makes the following allegations in support of his claim of error in the state courts (verbatim):

> Ground one: South Carolina Supreme Court Ruling on State v. Gordon - 588 S.E.2d 105 (Oct. 20, 2003);
>
> Ground two: I was not allowed to hire my own attorney even though I was financially able to at time of trial;
>
> Ground three: Ineffective assistance of trial counsel (... the day of trial was the first time I met or even heard of Mr. Roach. Mr. Roach was found to be ineffective by P.C.R. Judge Few);
>
> Ground four: Ineffective assistance of Appellate Counsel (... failed to argue that first two burglary charges should not have been counted as separate offenses).

The petitioner filed an amended application on August 3, 2007, and raised the following allegations (verbatim):

> Ground [five]: Prosecutorial Vindictiveness (Prosecutors sole reason for seeking life without parole was my refusal to say my Brother was with me during the burglary;
>
> Ground [six]: Due Process Violations (The Attorney General's Office waited 5 months before filing an appeal to the Honorable Judge Few's P.C.R. order and then appointed the Attorney who had been found ineffective at the P.C.R. to represent me for the States appeal. This Attorney then waited 7 months before notifying the Court that she couldn't represent me.
>
> Ground [seven]: States claim that Trial Judge lacked discretion in sentencing. (My brother... and I both pled guilty ... in 1986 ... [and]... we were both charged with the current burglary charge. I was sentence to life without parole for refusing to tell on him.

4

> He was later allowed to plead to 15 years. That clearly proves the Judge had discretion.
>
> Ground [eight]: Trial Courts refusal to allow me to hire my own attorney.

On August 29, 2007, the respondent filed a motion for summary judgment. By order filed August 31, 2007, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The petitioner filed his opposition to the motion on September 26, 2007.

## **APPLICABLE LAW**

Title 28, United States Code, Section 2254(d) and (e) provides in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

**ANALYSIS**

*Procedural Bar*

In ground three, the petitioner alleges that trial counsel was ineffective in that he failed to meet with the petitioner prior to trial. This issue was raised in the PCR action, and the PCR judge denied relief (App. 235-36). The petitioner did not appeal this ruling. Ground five, in which the petitioner contends the prosecutor's sole reason for seeking life without parole was his refusal to say his brother was with him during the burglary, was not raised to nor ruled upon by the PCR judge. If a petitioner before a federal district court fails to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in state courts. In such a case, a federal district court is barred from considering the habeas claim absent a showing of cause and actual prejudice or that failure to consider the claim will result in a fundamental miscarriage of justice, as the exhaustion requirement is technically met and the rules of procedural bar apply. *Matthews v. Evatt*, 105 F.3d 907, 916 (4th Cir. 1997) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)). The petitioner has made no such showing. Accordingly, grounds three and five are procedurally barred.

*Grounds One, Four, and Seven*

The petitioner committed second degree burglaries on February 18 and March 5, 1986, and he pleaded guilty to both on March 20, 1986. On April 10, 1997, the petitioner committed another violent burglary. After the petitioner's conviction in a jury trial, the State sought a sentence of life without parole pursuant to state recidivist legislation. The judge sentenced the petitioner to life without parole on the burglary conviction.

In ground one of the instant petition, the petitioner contends the case of *State v. Gordon,* 588 S.E.2d 105 (S.C. 2003) ,requires that his first two burglaries be counted as

one single strike under South Carolina Code Section 17-25-50.[1] In ground four, the petitioner argues that his appellate counsel was ineffective for failing to argue that the first two burglary charges should not have been counted as separate offenses for sentencing purposes. In ground seven, the petitioner argues that the sentencing judge had the discretion to consider the first two burglaries as one in his sentencing.

The PCR judge granted the petitioner's PCR application, finding that the petitioner's trial counsel was ineffective for failing to argue to the trial judge that the State did not have the right to seek life without parole pursuant to the recidivist statute, South Carolina Code Section 17-25-45.[2] The court further found that the petitioner's trial counsel was ineffective for failing to effectively argue to the judge that the judge had the discretion to consider the petitioner's first two burglaries as one offense under Section 17-25-50. He also found that the petitioner's appellate counsel was ineffective for failing to pursue the

---

[1] Section 17-25-50 provides:
**Considering closely connected offenses as one offense.**
In determining the number of offenses for the purpose of imposition of sentence, the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be considered as one offense, notwithstanding under the law they constitute separate and distinct offenses.

[2] Section 17-25-45 provides in pertinent part:
**Life sentence for person convicted for certain crimes.**
(A) Notwithstanding any other provision of law, except in cases in which the death penalty is imposed, upon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has one or more prior convictions for:
    (1) a most serious offense;
    (2) a federal or out-of-state conviction for an offense that would be classified
    as a most serious offense under this section; or
    (3) any combination of the offenses listed in items (1) and (2) above.
(B) Notwithstanding any other provision of law, except in cases in which the death penalty is imposed, upon a conviction for a serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has two or more prior convictions for:
    (1) a serious offense;
    (2) a most serious offense;
    (3) a federal or out-of-state offense that would be classified as a serious
    offense or most serious offense under this section; or
    (4) any combination of the offenses listed in items (1), (2), and (3) above.

issue on appeal. In so ruling, the PCR judge relied on the case of *State v. Gordon,* 588 S.E.2d 105 (S.C. 2003)*,* in which the South Carolina Supreme Court "overruled prior precedent which had held § 17-25-50 was inapplicable in a 'three strikes rule' analysis and held, instead, that §§ 17-25-45 and 17-25-50 must be construed together in determining whether crimes committed at points close in time qualify for a recidivist sentence." *Koon v. State*, 643 S.E.2d 680, 681 (S.C. March 26, 2007).

On appeal, the South Carolina Supreme Court reversed the PCR judge, determining that he erred in finding the petitioner's prior burglaries constituted one offense under Section 17-25-50 and in vacating the petitioner's life without parole sentence. *Nall v. State*, Mem. Opinion No. 2007-MO-025. In so finding, the court referenced its recent opinion in *Koon v. State*, 643 S.E.2d 680 (S.C. March 26, 2007). In *Koon*, the South Carolina Supreme Court stated: "Although *Gordon* stands for the proposition that two offenses committed closely in point of time should be considered as one for purposes of sentencing, *Gordon* did not establish a bright-line rule as to what constitutes 'two offenses committed so closely in point of time.'" *Id.* at 681-82. The court went on to find that Koon was properly sentenced as a recidivist as the burglary he committed on March 28, 2006, clearly constituted a separate burglary from those he committed on March 13 and 14, 2006, since it was in a different building, in a different location, and occurred two weeks later. *Id.* at 682. Relying on *Koon*, the court in the petitioner's case found that the petitioner's "prior burglaries, committed at different locations fifteen days apart, were properly construed as separate offenses for which he was subject to a life without parole sentence." *Nall v. State*, Mem. Opinion No. 2007-MO-025.

As argued by the respondents, to be entitled to habeas relief, the petitioner must show that the state court improperly applied clearly established federal law or based its decision on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. With regard to grounds one and seven, the petitioner has

8

shown neither. Furthermore, it appears to this court that the state court properly applied its own state law to the facts of this case. With regard to the ineffective assistance claim in ground four, implicit in the South Carolina Supreme Court's finding is that neither trial counsel nor appellate counsel could have been constitutionally ineffective for failing to challenge the judge's correct determination. As argued by the respondents, "there is no evidence supportive of a constitutional deficiency in light of the state supreme court's holding." Resp. m.s.j. 16. Based upon the foregoing, the petitioner's claims fail.

### *Grounds Two and Eight*

In these grounds, the petitioner argues that the trial court erred in refusing to allow a continuance for the petitioner to obtain private counsel. On the day of the trial, the petitioner requested "more time to hire my own attorney." He further stated that he "had one hired . . . in Spartanburg," but he could not remember the attorney's name. The court ruled: "Well, if you don't have a name or a lawyer that represents you right now, I can't - I cannot grant your request to carry it over. You have to go to trial today, Mr. Nall." App. 6. The petitioner's appointed counsel stated that he was prepared to go forward with various pretrial motions. App. 5.

> The Fourth Circuit Court of Appeals has stated:
>
> In reviewing a Sixth Amendment challenge to a denial of a continuance, we follow the standard provided by the Supreme Court in *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983): "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." (citation omitted.).

*U.S. v. Addison*, No. 86-5544, 1987 WL 36926, *1 (4th Cir. 1987) (citing *Sampley v. Attorney General of North Carolina*, 786 F.2d 610, 613 (4th Cir. 1986)). Here, the late request to obtain different counsel – unnamed and not certain of acceptance of representation in a

9

different county – did not outweigh the need to go forward on the day of trial with competent counsel provided by the state and prepared to represent the petitioner. *See United States v. Freeman*, 816 F.2d 558, 564 (10th Cir. 1987) (finding district court did not err in denying motion for a continuance in order to retain counsel where a speedy trial issue existed, the case was not difficult or complex, the motion was presented in pretrial when the government had been prepared to go forward, and there was no indication of ineffective assistance or prejudice). The petitioner's claim fails.

### *Ground Six*

In ground six, the petitioner raises various complaints concerning the PCR action. The Fourth Circuit Court of Appeals has held that alleged infirmities in a state post-conviction action are not matters that may be addressed in federal habeas actions. *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988). *See also Lambert v. Blackwell*, 387 F.3d 210, 247 (3rd Cir. 2004) ("the federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's collateral proceeding does not enter into the habeas calculation."). The petitioner has failed to state a claim upon which relief may be granted.

### **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondents' motion for summary judgment be granted.

                                              s/William M. Catoe
                                              United States Magistrate Judge

January 10, 2008
Greenville, South Carolina