IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Emmett Ray Nall, ) | C/A No. 6:07-1483-JFA-WMC |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| Warden Bazzle, Perry Correctional ) | |
| Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Emmett Ray Nall, a state prisoner proceeding *pro se*, seeks habeas corpus relief under 28 U.S.C. § 2254 by way of a petition filed May 29, 2007. The petitioner is incarcerated in the Perry Correctional Institution of the South Carolina Department of Corrections.

The Magistrate Judge has prepared a comprehensive Report in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2) (D.S.C.). The Magistrate suggests that the respondent's motion for summary judgment be granted and the petition dismissed. The Report thoroughly summarizes the facts and procedural history of the petitioner's claims, and therefore such will not be repeated herein. The petitioner filed timely objections to the Report.

In addition, the petitioner filed a motion to amend his habeas petition to include newly discovered evidence. Rule 11 of the Rules Governing Section 2254 cases, permits application of the Federal Rules of Civil Procedure in habeas cases "to the extent that [the

1

civil rules] are not inconsistent with any statutory provisions or [the habeas] rules." *Mayle v. Felix*, 545 U.S. 644 (2005); see also Fed. Rule Civ. P. 81(a)(2) (The civil rules "are applicable to proceedings for ... habeas corpus.") In addition, Title 28 U.S.C. § 2242 specifically provides that habeas applications "may be amended ... as provided in the rules of procedure applicable to civil actions." Therefore, the Court can utilize the parameters of Fed.R.Civ.P. 15 when considering motions to amend a habeas petition. *Mayle*, 545 U.S. 2569. Fed.R.Civ.P. 15 declares that leave to amend "shall be freely given when justice so requires."

For good cause shown, petitioner's motion to amend is granted. The petitioner shall file an amended petition no later than June 1, 2008. The Clerk shall docket the respondent's motion for summary judgment as dismissed without prejudice, but with leave to refile. The Clerk shall also refer this matter back to the Magistrate Judge for further handling.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 19, 2008                                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                                       United States District Judge

2